Filed 3/28/23 D.L. v. E.L. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| D.L., | |
| Appellant, | E077561 |
| v. | (Super. Ct. No. HED1800300) |
| E.L., | OPINION |
| Respondent. | |

APPEAL from the Superior Court of Riverside County. Elaine M. Kiefer, Judge. Affirmed.

Law Office of Melissa J. Schmitt, and Melissa J. Schmitt, for Appellant.

E.L. in pro. per., for Respondent.

## I.

## INTRODUCTION

D.L. appeals the family court's order denying his request for a change of custody over his minor son, L.A.L. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

D.L. and E.L. had L.A.L. in July 2015. They never married and separated when L.A.L. was a toddler.

In June 2020, while D.L. and E.L. were living in Riverside County, the Riverside County Family Court ordered that they would share joint legal and physical custody over L.A.L. The court also ordered that L.A.L. would reside primarily with E.L. while staying with D.L. on the first, third, fourth, and fifth weekends during the school year, and they would share time equally during the summer on a week on/week off basis.

About 11 months later, D.L. filed a Request for Order (RFO) seeking a change in the custodial arrangement. D.L. asked the family court to change its previous order so that he would have primary physical custody of L.A.L. at his home in an unidentified place in San Diego County and E.L. would have weekend visits. D.L. explained that he was concerned for L.A.L. because E.L. had moved with him to Chino Hills in San Bernardino County and purportedly could not provide for his care during the workweek. E.L. opposed the RFO, arguing that she had always adequately cared for L.A.L. and would continue to do so in Chino Hills.

The family court denied D.L.'s request. The court explained that "the current orders" were made "not even a year ago," and ruled that they would remain the same "in the interest of keeping continuity." The court then reiterated its orders that (among other things) the parents would share joint legal and physical custody, E.L. would have primary

physical custody, and D.L. would have visits on the first, third, fourth, and fifth weekends. D.L. timely appealed.

## III.

## DISCUSSION

D.L. argues the family court erred because it failed to apply seven of the eight factors for ruling on his "move-away" request outlined in *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072 (*LaMusga*) and found that his request was not a move-away request. We find no prejudicial error.

At the beginning of the hearing on D.L.'s RFO, his counsel argued the RFO was "a technical move-away, as [D.L.] is seeking to move . . . to San Diego County." The family court replied, "No, it's not a move-away, counsel. It's not a move-away. It's not. It's 77 miles. It's 35 miles from the current residence."

A move-away request is when "one parent seeks to relocate with the minor child[]." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 40, fn. 12.) Given that D.L. sought to move L.A.L. from Chino Hills in San Bernardino County to San Diego County, which is at least 72 miles away, his RFO was a move-away request.[1] (See *id*. at p. 28 [holding proposed move of 40 miles from Tehachapi to Lancaster was a move-away request]. But even though the family court incorrectly found otherwise, it properly denied D.L.'s RFO under *LaMusga*.

---

[1] As D.L. notes, the part of San Diego County nearest to Chino Hills is Oceanside, which is about 73 miles from Chino Hills.

3

In *LaMusga*, our Supreme Court held that family courts "ordinarily should consider" the following eight factors in move-away cases: (1) the child's interest in stability and continuity in the custodial arrangement, (2) the distance of the move, (3) the child's age, (4) the child's relationship with both parents, (5) the relationship between the parents, including, but not limited to, their willingness to put the child's interests above their own, (6) the child's wishes if the child is mature enough for this inquiry to be appropriate, (7) the reasons for the proposed move, and (8) the extent to which the parents currently share custody. (*LaMusga*, *supra*, 32 Cal.4th at p. 1101.)

The *LaMusga* court cautioned, however, that the family court may consider other factors bearing on the child's best interest. (See *LaMusga*, *supra*, 32 Cal.4th at p. 1101 ["[T]his area of law is not amenable to inflexible rules."]; *Jane J. v. Superior Court* (2015) 237 Cal.App.4th 894, 905 ["list of [*LaMusga*] factors is not exhaustive"]; see also *In re Marriage of Burgess*, *supra*, 13 Cal.4th at p. 39.) Thus, "[t]he weight to be accorded to such factors must be left to the [family] court's sound discretion." (*LaMusga*, *supra*, at p. 1093.) As a result, we review the family court's decision denying D.L.'s move-away request for an abuse of discretion, and will reverse only if "there is no reasonable basis on which the court could conclude that its decision advanced the best interests of the child." (*Mark T. v. Jamie Z.* (2011) 194 Cal.App.4th 1115, 1124-1125; accord, *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 364; see also *Marriage of Bryant* (2001) 91 Cal.App.4th 789, 793 [family court has ""the widest discretion to choose a parenting plan that is in the best interest of the child""].)

4

The family court here reasonably found that changing the custodial arrangement was not in D.L.'s best interests. After observing that the parties' custodial arrangement had been decided less than a year prior, the family court found that it was in D.L.'s best interests to keep the arrangement the same. As D.L. acknowledges, the family court thus applied the first *LaMusga* factor in making its decision. We must give great deference to this decision and cannot conclude on this record that there was "no reasonable basis" for it. (*Mark T. v. Jamie Z.*, *supra*, 194 Cal.App.4th at pp. 1124-1125.)

D.L.'s main argument on appeal is that the family court's order should be reversed because the court did not analyze seven of the *LaMusga* factors. Thus, in D.L.'s view, the family court failed to consider whether there were "changed circumstances warranting a different arrangement."

We reject the argument for two reasons. First, although the family court "ordinarily should consider" all of the *LaMusga* factors, the court may permissibly consider only one (or none) of the factors in ruling on a RFO if its decision is in the best interests of the child. (See *LaMusga*, *supra*, 32 Cal.4th at p. 1093; *Jane J. v. Superior Court*, *supra*, 237 Cal.App.4th at p. 905.) The trial court here reasonably found that the first *LaMusga* factor—the child's interest in stability and continuity in the custodial arrangement—justified keeping the same custodial arrangement. In doing so, the family court necessarily (if impliedly) found there were no changed circumstances that warranted modifying the custodial arrangement. Second, D.L. makes no attempt to explain how the family court's alleged failure to consider seven of the eight *LaMusga*

5

factors prejudiced him.  He thus fails to show that the family court's reliance on only one of the *LaMusga* factors was prejudicial.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1291 [appellant must show the family court prejudicially abused its discretion erred].)  We therefore affirm the family court's order denying his RFO.

IV.

DISPOSITION

The family court's order denying D.L.'s RFO is affirmed.  E.L. may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

SLOUGH
J.